UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Feisal O.,[1]

      Petitioner,

v.

Kristi Noem, *Secretary, U.S. Department of Homeland Security; Department of Homeland Security, in her official capacity;* Todd M. Lyons, *Acting Director of Immigration and Customs Enforcement; Immigration and Customs Enforcement, in his official capacity*; Peter Berg, *Diretor, St. Paul Field Office, Immigration and Customs Enforcement, in his official capacity;* Samuel J. Olson, *Field Office Director of Enforcement and Removal Operations, Chicago Field Office, Immigration and Customs Enforcement, in his official capacity*; Joel Brott, *Sheriff of the Sherburne County Jail in Sherburne County, Minnesota, custodian of detainees of the Sherburne County Jail*;

      Respondents.

File No. 26-CV-81 (JMB/ECW)

**ORDER**

Evangeline Surya Ester Dhawan-Maloney, Robichaud, Schroepfer & Correia, P.A., Golden Valley, MN, for Feisal O.

Ana H. Voss, United States Attorney's Office, Minneapolis, MN, for Respondents Kristi Noem, Todd M. Lyons, Peter Berg, Samuel J. Olson, and Joel Brott.

---

[1] The Court refers to Petitioner by first name and initial pursuant to District policy.

1

This matter is before the Court on Petitioner Feisal O.'s Motion for a Temporary Restraining Order (TRO) against Respondents Kristi Noem, Todd M. Lyons, Peter Berg, Samuel J. Olson, and Joel Brott. (Doc. No. 3.) For the reasons explained below, the Court grants the motion for TRO.

## BACKGROUND

Feisal O. entered the United States in June 2017 seeking asylum. (Doc. No. 1 [hereinafter, "Pet."] ¶ 1.) After receiving a positive credible fear interview, Petitioner was released from custody pursuant to 8 U.S.C. 1226(a) on December 18, 2017. (*Id.*; Doc. No. 1-2.) Feisal O. complied with all bond conditions. (Pet. ¶ 2.) He has a hearing on his application for asylum, withholding of removal, and protection under the Convention Against Torture, scheduled for March 20, 2026. (*Id.*)

Over the past eight years, Feisal O. has reported to ICE as required. (*Id.* ¶ 3.) He was arrested in April 2025 but released for lack of probable cause, without criminal charges being filed. (*Id.*) He has never been charged with or convicted of a crime. (*Id.* ¶ 12.)

On December 1, 2025, Respondents re-detained Feisal O. as part of "Operation Metro Storm." (*Id.* ¶ 4.) Respondents did not provide Petitioner or counsel with any written custody determination, notice to revoke bond, or explanation for the re-detention. (*Id.*)

On January 8, 2026, Feisal O. filed a Motion for a Temporary Restraining Order and Preliminary Injunction, seeking an order enjoining Respondents from removing him from the District of Minnesota while his Petition is pending. (Doc. No. 3 at 3.)

## DISCUSSION

The Court will grant the Motion for a TRO at this time and enjoin Respondents from removing Feisal O. from this District.

When considering a motion for a TRO, courts consider the following four factors: "(1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981); *see also Tumey v. Mycroft AI, Inc.*, 27 F.4th 657, 665 (8th Cir. 2022) ("[T]he standard for analyzing a motion for a temporary restraining order is the same as a motion for preliminary injunction."). No one factor is determinative and courts "flexibly weigh the case's particular circumstances to determine whether the balance of equities so favors the movant that justice requires the court to intervene." *Hubbard Feeds, Inc. v. Animal Feed Supplement, Inc.*, 182 F.3d 598, 601 (8th Cir. 1999) (quotation omitted). The central question is whether justice requires preserving the status quo until the merits are determined. *See Dataphase*, 640 F.2d at 113. The moving party bears the burden to establish these factors. *E.g.*, *Watkins Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003).

Here, the record before the Court at this time indicates that the factors weigh in favor of granting Feisal O.'s request to enjoin Respondents from removing him from this District. Given the uncertainty in these proceedings to date, justice requires keeping Feisal O. in this District until the merits of his underlying habeas action can be determined. If Respondents transfer him of this District, he will suffer irreparable harm: he may lose

access to counsel, the Court may lose jurisdiction over the custodial Respondents, and he may no longer be able to participate in litigation. These are injuries that are concrete and imminent and that cannot be remedied after they occur.

By comparison, there is no indication that Respondents will experience any harm from an order temporarily prohibiting his transfer out of the District. *Hoque v. Trump, et al.*, No. 25-CV-1576 (JWB/DTS), Doc. No. 15 (D. Minn. Apr. 22, 2025) (temporarily enjoining respondents from transfer out of district while habeas petition was pending); *see also Nebraska v. Biden*, 52 F.4th 1044, 1047 (8th Cir. 2022) ("[T]he equities strongly favor an injunction considering the irreversible impact [the challenged agency] action would have as compared to the lack of harm an injunction would presently impose."). "Although access to effective counsel is not a constitutional right in a civil proceeding, the Court agrees that deprivation of access to retained counsel is plainly harmful to a litigant since it handicaps his ability to effectively present his case to the court." *Escalante v. Bondi*, No. 25-CV-3051 (ECT/DJF), 2025 WL 2212104, at *2 (D. Minn. July 31, 2025), *report and recommendation adopted O. E. v. Bondi*, 2025 WL 2235056 (D. Minn. Aug. 5, 2025).

Preserving Feisal O.'s access to judicial review and preventing unlawful detention are compelling issues of public importance, and any public interest served by moving him to another district or even deporting him before his habeas petition is reviewed is outweighed by the interest of the public in ensuring due process, judicial review, and the rule of law.

Moreover, Feisal O.'s arguments also raise a substantial question about the legality of the terms of his detention. Courts have overwhelmingly rejected Respondents' argument

that section 1225 justifies detention as to noncitizens who are already within the United States. *Fuentes v. Olson*, No. 25-CV-4456 (LMP/ECW), 2025 WL 3524455, at *1 (D. Minn. Dec. 9, 2025) ("The Government has now been told nearly 300 times (and counting) that its mandatory-detention scheme is unlawful."). Thus, Feisal O. appears likely to succeed on the merits of his legal argument.

For these reasons, and based on the record presented to the Court at this time, the Court concludes that all four factors favor granting the TRO.[2]

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT Petitioner Feisal O.'s Motion for Temporary Restraining Order (Doc. No. 3) is GRANTED, as follows:

1. Respondents shall not remove, transfer, or otherwise facilitate the removal of Petitioner from the District of Minnesota.

2. No other person or agency shall remove, transfer, or otherwise facilitate the removal of Petitioner from the District of Minnesota on Respondent's behalf.

3. This Order is effectively immediately and shall expire fourteen days after the date of entry unless Petitioner shows good cause for its extension. In the event the Court determines that an extension of this fourteen-day period of time is necessary, the Court will set a briefing schedule by separate order.

Dated:  January 8, 2026                     /s/ *Jeffrey M. Bryan*
                                             Judge Jeffrey M. Bryan
                                             United States District Court

---

[2] The Court determines that a bond under Federal Rule of Civil Procedure 65(c) is not necessary because the TRO seeks to prevent constitutional deprivations, Respondents face no identifiable risk of monetary loss, and this matter is closely associated with important public interests. *See, e.g.*, *Richland/Wilkin Joint Powers Auth. v. U.S. Army Corps of Eng'rs*, 826 F.3d 1030, 1043 (8th Cir. 2016).