## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Feisal O., | File No. 26-CV-81 (JMB/EMB) |
| Petitioner, | |
| v. | |
| Kristi Noem, *Secretary, U.S. Department of Homeland Security; Department of Homeland Security, in her official capacity*; Todd M. Lyons, *Acting Director of Immigration and Customs Enforcement; Immigration and Customs Enforcement, in his official capacity*; Peter Berg, *Director, St. Paul Field Office, Immigration and Customs Enforcement, in his official capacity*; Samuel J. Olson, *Field Office Director of Enforcement and Removal Operations, Chicago Field Office, Immigration and Customs Enforcement, in his official capacity*; Joel Brott, *Sheriff of the Sherburne County Jail in Sherburne County, Minnesota, custodian of detainees of the Sherburne County Jail*; | **ORDER** |
| Respondents. | |

Evangeline Surya Ester Dhawan-Maloney, Robichaud, Schroepfer & Correia, P.A., Golden Valley, MN, for Feisal O.

Trevor Brown and Ana H. Voss, United States Attorney's Office, Minneapolis, MN, for Respondents Kristi Noem, Todd M. Lyons, Peter Berg, and Samuel J. Olson.

This matter is before the Court on Petitioner Feisal O.'s[1] Petition for Writ of Habeas Corpus (Petition) under 28 U.S.C. § 2241. (Doc. No. 1 [hereinafter, "Pet."].) Respondents Kristi Noem, Todd M. Lyons, Peter Berg, and Samuel J. Olson (together, Respondents) oppose the Petition. For the reasons explained below, the Court grants the Petition in part and orders Feisal O.'s immediate release.

## FINDINGS OF FACT

1. Feisal O. is a native and citizen of Somalia who entered the United States without inspection in June 2017. (Pet. ¶¶ 12, 24; Doc. 1-2 at 2.)

2. Respondents detained Feisal O. and conducted a credible fear interview, which resulted in a positive credible fear determination. (Pet. ¶ 24.)

3. Feisal O. was issued a Notice to Appear and placed in full removal proceedings under 8 U.S.C. § 1229a. (*Id.*)

4. Pursuant to 8 U.S.C. 1226(a), Respondents released Feisal O. from custody on a surety bond in December 2017 to allow him to pursue relief from removal (i.e., asylum). (*Id.* ¶¶ 1, 12.)

5. Feisal O. timely filed an I-589 Application for Asylum and Withholding of Removal on March 27, 2018. (*Id.* ¶ 25.) He has never missed a court hearing or otherwise violated the conditions of his release from custody. (*Id.*) His individual hearing before the Immigration Court is scheduled for March 20, 2026. (*Id.* ¶ 2.)

---

[1] This District has adopted a policy of using only the first name and last initial of any nongovernmental parties in immigration cases.

6.  Feisal O. was detained on April 12, 2025, on allegations of domestic violence.  (*Id.* ¶ 26.)  He was released two days later; no probable cause was found, and no charges have been filed.  (*Id.*)

7.  Respondents took Feisal O. into custody on December 1, 2025.  (*Id.*)  He is currently detained at Sherburne County Jail in Elk River, Minnesota.  (*Id.* ¶ 27.)

8.  Feisal O. has never been charged with or convicted of a crime and knows of no legitimate circumstances for Respondents to justify detaining him.  (*Id.* ¶ 12.)

9.  On January 7, 2026, Feisal O. filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  (Pet.)  Feisal O. seeks immediate release or a bond hearing pursuant to 8 U.S.C. § 1226(a).  (*Id.* at 19.)  Feisal O. also seeks a variety of additional relief from the Court, including a declaration that his current detention without individualized determination is unlawful, as well as an award of attorney fees and costs pursuant to the Equal Access to Justice Act.  (*Id.* at 19–20.)  Feisal O. argues that his December 1, 2025, redetention violates his due process rights because Respondents did not provide any written custody determination, notice to revoke bond, or any explanation for the detention.  (*Id.* ¶¶ 4, 49, 54.)

## DISCUSSION

Respondents argue that Feisal O.'s detention is mandatory pursuant to 8 U.S.C. § 1225(b).  Respondents, however, do not address whether they violated Feisal O.'s due process rights when they redetained him on December 1, 2025.  Because Respondents continue to rely on an incorrect interpretation of sections 1225 and 1226, and because the

3

portion of the Petition challenging Feisal O.'s arrest is not directly opposed, the Court grants the Petition in part and orders immediate release.

A.  **Constitutional Guarantee of Habeas Review and Due Process**

As a threshold matter, the Court notes that a writ of habeas corpus may be granted to any person who demonstrates he is in custody in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3); *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (concluding that the Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States" (citing U.S. Const., Art. I, § 9, cl. 2)); *Aditya W.H. v. Trump*, 782 F. Supp. 3d 691, 702 (D. Minn. 2025). For most of the nation's history, habeas review "has remained a critical check on the Executive, ensuring that it does not detain individuals except in accordance with law." *Hamdi*, 542 U.S. at 525 (quotation omitted). The right to challenge the legality of a person's confinement through a petition for a writ of habeas corpus "extends to . . . immigration-related detention." *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 900–01 (D. Minn. 2020) (citation omitted). The petitioner bears the burden of proving that his detention is illegal by a preponderance of evidence. *Jose J.O.E. v. Bondi*, No. 25-CV-3051 (ECT/DJF), 2025 WL 2466670, at *5 (D. Minn. Aug. 27, 2025) (citing *Aditya W.H.*, 782 F. Supp. 3d at 703).

The Constitution also guarantees every person in the United States due process of law, including persons who are not United States citizens. *E.g.*, *Lopez v. Heinauer*, 332 F.3d 507, 512 (8th Cir. 2003) ("The Supreme Court has long recognized that deportable aliens are entitled to constitutional protections of due process." (citing *Yamataya v. Fisher*, 189 U.S. 86, 100–01 (1903))); *see also, e.g.*, *Trump v. J.G.G.*, 604 U. S. 670, 673 (2025)

(per curiam) ("'It is well established that the Fifth Amendment entitles aliens to due process of law' in the context of removal proceedings." (quoting *Reno v. Flores*, 507 U.S. 292, 306 (1993))); *Zadvydas v. Davis*, 533 U.S. 678, 695 (2001) ("[T]he Due Process Clause applies to all persons within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent.").

  **B.**  **Interpretation of Section 1225**

Respondents generally oppose Feisal O.'s Petition, explaining that the Petition "raises legal and factual issues similar to those in prior habeas petitions this Court has decided" and that Respondents have appealed one such petition (*see Avila v. Bondi*, No. 25-3248 (8th Cir.)). (Doc. No. 10.) Respondents then incorporate by reference all of the arguments raised in the *Avila* appeal and request denial of the petition. (*Id.*) In this way, Respondents reiterate their argument that the detention of petitioners similarly situated to Feisal O. is mandatory pursuant to 8 U.S.C. § 1225(b). As this Court has previously concluded, however, Respondents' interpretation lacks merit.

Courts have overwhelmingly rejected Respondents' interpretation that section 1225(b)(2) requires the mandatory detention of all noncitizens living in the country who are "inadmissible" because they entered the United States without inspection. *See, e.g.*, *Barco Mercado v. Francis*, No. 25-CV-6582 (LAK), 2025 WL 3295903, at *4 & n.22 (S.D.N.Y. Nov. 26, 2025) (noting that this interpretation had been rejected in 350 cases "decided by over 160 different judges sitting in about fifty different courts spread across the United States" and collecting cases in an Appendix A); *Jose Andres R.E. v. Bondi*, No. 25-CV-3946 (NEB/DLM), 2025 WL 3146312, at *1 n.2 (D. Minn. Nov. 4, 2025)

(collecting cases); *Belsai D.S. v. Bondi*, No. 25-CV-3682 (KMM/EMB), 2025 WL 2802947, at *5–6 (D. Minn. Oct. 1, 2025) (collecting cases). This Court also finds Respondents' interpretation unpersuasive.

When interpreting a statute, "every clause and word of a statute should have meaning." *United States ex rel. Polansky v. Exec. Health Res., Inc.*, 599 U.S. 419, 432 (2023) (internal quotation marks omitted) (quoting *Montclair v. Ramsdell,* 107 U.S. 147, 152 (1883)). Noncitizens who have been residing in the United States but who entered without inspection have not, historically, been considered to still be "arriving" under section 1225(b). This is because the statute itself states that, in order to apply, several conditions must be met; specifically, an immigration officer must determine that the noncitizen "is an applicant for admission . . . seeking admission . . . [and] not clearly and beyond a doubt entitled to be admitted." 8 U.S.C. § 1225(b)(2)(A). Determining the plain meaning of the statute requires consideration of the tense of the verb "is" and the present participle "seeking." Here, section 1225(b)(2) applies to persons who presently are applicants for admission and who presently are seeking admission at the time of their detention. To be seeking admission means to be seeking entry, which "by its own force implies a coming from outside." *United States ex rel. Claussen v. Day*, 279 U.S. 398, 401 (1929). In this case, Feisal O. has been residing in the United States since 2017 and is, therefore, not currently "seeking admission" into the United States.

In addition, Respondents' interpretation of 1225(b)(2) renders superfluous other immigration laws. Specifically, interpreting section 1225(b)(2) as applying to noncitizens who have already entered the country and are not currently seeking admission into the

6

country, as Respondents urge, would render meaningless a recent amendment to section 1226 by the Laken Riley Act (LRA). The LRA added new categories of noncitizens subject to mandatory detention under section 1226(c), and one such category was for noncitizens lacking valid documentation *and* who have been charged with or convicted of certain crimes. *See* 8 U.S.C. § 1226(c)(1)(E)(i)–(ii). But if Respondents' interpretation of section 1225 were correct, then there would have been no need for the LRA to create these additional categories because all noncitizens who are present in the United States and have not been admitted would have already been ineligible for bond under section 1225(b)(2)(A).

The Court also agrees with those courts that have found that Respondents' interpretation of section 1225(b) is "at odds with both the relevant legislative history and longstanding agency practice." *Belsai D.S.*, 2025 WL 2802947, at *7; *see, e.g.*, *Maldonado v. Olson*, 795 F. Supp. 3d 1134, 1150 (D. Minn. 2025) (discussing the longstanding practice of treating noncitizens who resided in the United States, but who had entered without inspection, as being subject to section 1226(a)).

The fact that Feisal O. has applied for asylum does not change the conclusion. The definition of "admission" in this context means "the lawful *entry* of the noncitizen into the United States after inspection and authorization by an immigration officer." *Barco Mercado*, 2025 WL 3295903 at *5 (quoting 8 U.S.C. § 1101(a)(13)(A) (emphasis altered)). Even by applying for asylum, a "noncitizen who already has entered the United States illegally and is living here cannot be said to be actively seeking lawful *entry* into the United States," because the "entry, whether lawful or unlawful, occurred years ago." *Id.* (emphasis

7

in original). Other courts have reached this same conclusion under similar facts. *E.g.*, *Quishpe-Guaman v. Noem*, No. 4:25-CV-00211-TWP-KMB, 2025 WL 3201072, at *4 (S.D. Ind. Nov. 17, 2025) (finding it was "strong evidence" that the federal government earlier released a noncitizen on her own recognizance under section 1226 and rejecting Respondents' argument that her asylum application shows that she "is plainly seeking admission to the United States"); *Mayamu K. v. Bondi*, File No. 25-3035 (JWB/LIB), 2025 WL 3641819, at *4, 8 (D. Minn. Oct. 20, 2025) (concluding that despite a pending asylum application, the petitioner's previous Order of Release on Recognizance under section 1226 precludes detention under section 1225).

For these reasons, the Court finds that Feisal O.'s detention is governed by section 1226(a), and he is not subject to section 1225(b)'s mandatory detention.

    **C.**    **Independent Grounds for Relief**

Separate and independent from the applicability of section 1226, Feisal O. also contends that the Due Process Clause compels immediate release. (Pet. ¶¶ 4, 49, 54.) Respondents made no argument to the contrary, and the Court considers this portion of Feisal O.'s request unopposed. Therefore, the Court alternatively grants the petition on this basis.

In addition, the Court is persuaded by the reasoning of the *Barco Mercado* court on the issue of whether the redetention of a person previously ordered released under section 1226—without Respondents first formally revoking that order of release or following any procedures prior to making a decision that conflicts with an order of release—violates due process. *Id.* (citing 8 C.F.R. § 236.1(c)(8)-(9) & (d)).

Here, it is undisputed that Feisal O. was ordered released pursuant to section 1226 and had been residing in the United States pursuant to that decision until his December 1, 2025 arrest. (*See* Doc. No. 1-3.) The record also shows that no official made any individualized, discretionary decision to revoke Feisal O.'s section 1226 release. As in the *Barco Mercado* case, the Court grants the Petition in part because the redetention of Feisal O. violated his due process rights. *See Barco Mercado*, 2025 WL 3295903, at *12.[2]

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT the Petition (Doc. No. 1) is GRANTED in part and DENIED in part, as follows:

1. Respondents are ORDERED to release Petitioner Feisal O. from custody immediately, and in any event no later than 4:00 p.m. CST on January 14, 2026, subject to and in accordance with the conditions in his preexisting Notice of Release dated December 18, 2017.

2. Within seven days of the date of this Order, counsel for Respondents is ORDERED to provide a declaration pursuant to 28 U.S.C. § 1746 affirming that Petitioner was released from custody in accordance with this Order.

3. To the extent Petitioner seeks relief beyond an order requiring release or an order requiring a bond hearing, the Petition is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: January 13, 2026

/s/ *Jeffrey M. Bryan*
Judge Jeffrey M. Bryan
United States District Court

---

[2] The Court does not address the Petition's request for an award of fees and costs under the Equal Access to Justice Act; Feisal O. may move separately for such relief within 30 days of final judgment in this action. 28 U.S.C. § 2412(d)(1)(B).